**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-1344**

———————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

NANCY A. RUSH,

        Defendant – Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:10-cv-00006-IMK)

———————————

Submitted: November 23, 2011      Decided: December 15, 2011

———————————

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Gregory H. Schillace, SCHILLACE LAW OFFICE, Clarksburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Alan G. McGonigal, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nancy A. Rush appeals from the district court's order awarding summary judgment to the United States in its action to collect on student loans that Rush executed. See United States v. Rush, No. 1:10-cv-00006-IMK (N.D. W. Va. Mar. 22, 2011). Rush contends that issues of material fact remain such that a reasonable jury could conclude that she repaid the loans. Specifically, while she does not recall receiving documentation that she had satisfied the loan obligations, she "assum[es]" and "guess[es]" that she repaid the loans prior to the alleged default. She also contends that a former employee of the originating bank attested that she had never been in default during his employment; that the originating bank approved other loans to her, which would not have occurred had she defaulted; and that the guaranty agency's cessation of garnishment efforts evidences her repayment of the loans.

Rush's contentions are not persuasive. The United States has submitted documents certified by the United States Department of Education and other evidence showing her default. In the face of these records, Rush's unsubstantiated and equivocal assertion that she repaid the loans does not create an issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The former employee's statement does not justify reversal because he left the bank before the

2

default and would not know whether Rush defaulted.  So too with respect to Rush's other loans, as the record indicates that they were executed before the default.  Finally, the guaranty agency's cessation of garnishment efforts does not create an issue of material fact.  Undisputed evidence shows that the agency ceased collection activities not because Rush had repaid the loans, but because it assigned the loans to the Department of Education.  Subsequently, the Department undertook its own collection efforts.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED